

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **01/30/2024**

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8037

January 26, 2024

<u>Via ECF</u>
Hon. Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Plaintiff is directed to respond to the instant letter on or before February 19, 2024. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at his address as listed on ECF and to show service on the docket.**
**Dated: January 30, 2024**
**White Plains, NY**

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

Re:   <u>*Saunders v. Edward, et al.*</u>, 23 Civ. 6370 (NSR)

Dear Judge Román:

I represent Defendants Edward Corley[1] and Don Venettozzi ("Defendants") in the above referenced action. Pursuant to the Court's Individual Practices, I write to respectfully request that the Court schedule a pre-motion conference to discuss the Defendants' anticipated motion to dismiss all counts against all Defendants.

## I.   Allegations of the Complaint

Plaintiff Tori Saunders ("Plaintiff"), an incarcerated individual currently housed at Collins Correctional Facility, alleges that his due process rights under the Fourteenth Amendment were violated by both Defendants. Specifically, Plaintiff alleges that Defendant Corley, the Hearing Officer presiding over the disciplinary hearing in connection with a Misbehavior Report from June 8, 2020, was not a fair and impartial decisionmaker and he did not provide Plaintiff with relevant documentary evidence. (Dkt. No. 1, Complaint ¶¶ 16, 18, 23). As a result of this hearing, Plaintiff alleges a loss of liberty, consisting of loss of good time credit and special confinement that imposed an atypical hardship. (*Id.* at ¶ 25, Ex. B). Plaintiff further alleges that Defendant Corley's actions amounted to cruel and unusual punishment and violated Plaintiff's Fifth Amendment rights. (*Id.* at ¶ 27). Plaintiff further alleges that Defendant Venettozzi, then Director of Special Housing, violated Plaintiff's due process rights by not ordering a re-hearing and affirming the superintendent's hearing. (*Id.* at ¶¶ 19-20, 31, Ex. D). Plaintiff fails to state a claim against either Defendant.

---

[1] Sued herein as "Corley Edward."

## II.     Plaintiff Fails to State a Claim Against Hearing Officer Corley

### A. Plaintiff Is Collaterally Estopped from Asserting Due Process Arguments.

Prior to filing this lawsuit, Plaintiff filed an Article 78 petition challenging the hearing over which Defendant Corley presided. (Dkt. No. 1, ¶ 21). Among other things, Plaintiff alleged that he was "denied his fundamental right to due process when he was improperly denied access to [the] complete unusual incident report." Plaintiff's Article 78 Petition Memorandum of Law, p. 9, is attached herein as Exhibit A ("Ex. A").[2] The petition was transferred to the Appellate Division, Third Department, which held that Plaintiff was denied relevant documentary evidence when he did not receive the correct unusual incident report. *See Saunders v. Annucci*, 207 A.D.3d 1014, 1015 (3d Dep't 2022). The Appellate Division also held that all of Plaintiff's charges, other than that of refusing a direct order, were supported by substantial evidence, and that the "appropriate remedy under the circumstances is remittal for a new hearing on those charges." *Id.* Although the Appellate Division does not explicitly use the phrase "due process," in its decision, it necessarily considered Plaintiff's due process arguments related to the incident report in determining that a re-hearing was appropriate. Plaintiff's statement of facts in his Complaint are virtually identical to his allegations in the Article 78 proceeding. (*Compare* Dkt. No. 1, ¶¶ 10-16 to Ex. A, ¶¶ 1-10). Since "all of the issues central to Plaintiff's Fourteenth Amendment due process claims are identical to the issues presented in the Petition and were reviewed and necessarily decided by the [Third] Department . . .," Plaintiff's claims "are thus precluded by the [Third] Department's determination of these issues." *Urena v. Annucci*, No. 16-CV-9708 (NSR), 2018 WL 3863454, at *5 (S.D.N.Y. Aug. 14, 2018). Plaintiff already had the opportunity to fully litigate his due process argument and thus should be precluded from making the same argument here.

### B. Plaintiff Fails to Advance Any Due Process Claims, Regardless of Collateral Estoppel.

Even if Plaintiff's due process arguments were not subject to collateral estoppel, Plaintiff has failed to show a violation of his due process rights under the Fifth or Fourteenth Amendments.[3] Disciplinary due process for incarcerated individuals only requires "some evidence," and the Second Circuit has held that even in cases where the Appellate Division, in an Article 78 proceeding, has not found substantial evidence, defendant testimony and corroborating evidence sufficed as "some evidence" for due process. *See Washington v. Gonyea*, 538 Fed. Appx. 23, 25-26 (2d Cir. 2013). In this case, the Appellate Division found that all but one of the charges were, in fact, supported by substantial evidence. *Saunders*, 207 A.D.3d at 1015. Finally, violations of due process "are reviewed for harmless error." *Banks v. Royce*, No. 18-CV-4738 (NSR), 2020 WL 5038590, at *4 (S.D.N.Y. Aug. 26, 2020). Plaintiff would have to show that "he was prejudiced by the alleged procedural errors, in the sense that the errors affected the outcome of the hearing."

---

[2] The Court may consider Plaintiff's Article 78 petition and the Appellate Division's decision on a motion to dismiss as "they [are] public records, and thus appropriate for judicial notice." *Williams v. New York City Housing Auth.*, 816 Fed.Appx. 532, 534 (2d Cir. 2020).

[3] Plaintiff's Fifth Amendment due process argument does not apply as Plaintiff was in state, not federal, custody. *See Smith v. New York State Dep't of Corr. Servs.*, No. 15-CV-3455 (NSR), 2022 WL 17345055, at *4 (S.D.N.Y. Nov. 30, 2022) ("Plaintiff's Fifth Amendment claim does not apply here as there are no federal actors being sued.").

*Id.* As the other charges in Plaintiff's report were supported by some evidence, he cannot show that his alleged due process violation affected the outcome of the hearing.

### C. Plaintiff Fails to State a Claim for Cruel and Unusual Punishment.

Plaintiff also fails to assert sufficient facts to support his claim that Defendant Corley's actions constituted cruel and unusual punishment, in violation of his Eighth Amendment rights. (Dkt. No. 1, ¶ 28). For a plaintiff "to establish that a prison official violated the Eighth Amendment, (1) the alleged deprivation must, as an objective matter, be 'sufficiently serious,' and (2) [the Defendant] must possess a 'sufficiently culpable state of mind.'" *Smith*, 2022 WL 17345055, at *3 (S.D.N.Y. Nov. 30, 2022) (internal quotations and citations omitted). Plaintiff has failed to meet both the objective and subjective prongs. The only basis for Plaintiff's claim is that he was confined in special housing and lost certain privileges as a result. (Dkt. No. 1, ¶¶ 27-28). Being confined to special housing alone "is not sufficient to establish the objective element of an Eighth Amendment claim" with or without the attendant loss of privileges. *Smith*, 2022 WL 17345055, at *4. Nor has Plaintiff shown that Defendant Corley had the requisite state of mind—that is, that Defendant Corley "[knew of and disregarded] an excessive risk to [incarcerated individual] health or safety that would result from his . . . act or omission." *Id.*

## III. Plaintiff Has Not Shown Defendant Venettozzi's Personal Involvement

The only allegation Plaintiff has against Defendant Venettozzi is that he denied Plaintiff's request for discretionary review, which is insufficient to show personal involvement for Defendant Venettozzi. *See White v. Gutwein*, No. 20-CV-4532 (NSR), 2022 WL 2987554, at *10 (S.D.N.Y. July 28, 2022) (holding that a defendant affirming a hearing officer's conclusions is "nothing more than [the defendant] acting his supervisory role 'in the prison chain of command'" and "insufficient to establish personal involvement").

## IV. Defendants Are Entitled to Qualified Immunity

Defendants are entitled to qualified immunity as Plaintiff has failed to "show[] facts making out violation of a constitutional right." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). Defendant Venettozzi is also entitled to qualified immunity because Plaintiff has not alleged that Defendant Venettozzi was personally involved in any constitutional violations. *See Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 135-36 (2d Cir. 2013).

## V. Conclusion

Accordingly, Defendants respectfully request a pre-motion conference in anticipation of their motion to dismiss the Complaint in its entirety.[4]

---

[4] Defendants respectfully request that such conference be scheduled for a time other than between February 9 and February 16, 2024 as Defendants' counsel will be traveling for Lunar New Year.

I thank the Court for its consideration of the application herein.

Respectfully submitted,

*/s/ S. Cynthia Luo*
S. Cynthia Luo
Assistant Attorney General
Cynthia.Luo@ag.ny.gov

cc:     Tori Saunders, *pro se*
        DIN 17A1258
        Collins Correctional Facility
        P.O. Box 340
        Collins, NY 14034-0340
        (**Via First Class Mail**)

        Tori Saunders, *pro se*
        DIN 17A1258
        Central NY Psychiatric Center
        9005 Old River Road
        P.O. Box 300
        Marcy, NY 13403 [5]
        (**Via First Class Mail**)

---

[5] The DOCCS Incarcerated Individuals website lists Plaintiff as discharged from Collins Correctional Facility. Upon information and belief after consulting with DOCCS, Plaintiff is temporarily housed at the Central NY Psychiatric Center. Out of an abundance of caution, the undersigned has mailed a copy of this letter to both addresses.

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT                                    COUNTY OF ALBANY

---

In the Matter of the Application of

TORI SAUNDERS, #17-A-1258,

                                    Petitioner,

-against-                                    **ORDER TO SHOW CAUSE**

                                    Index # 5997-20

ANTHONY ANNUCCI,

                                    Respondent(s).

For a Judgment Pursuant to Article 78
of the Civil Practice Law and Rules.

---

Supreme Court, Albany County,

HON. ROGER D. MCDONOUGH, ACTING SUPREME COURT JUSTICE PRESIDING

APPEARANCES:    TORI SAUNDERS
                Petitioner Pro Se

        This ex parte matter was referred to my attention at a
Part I Term, Supreme Court, at Albany County.

        Upon reading of the Petition, sworn to the 28th day of
August, 2020;

        LET respondents show cause at a Special Term of the
Supreme Court, to be held in and for the County of Albany, on
**December 4, 2020**, at the Albany County Courthouse, at Eagle and
Columbia Streets, Albany, New York 12207, at 9:30 o'clock in the
forenoon thereof WHY the relief requested in the Petition should
not be granted, it is

        ORDERED, that service of a copy of this signed Order to
Show Cause, the petition, exhibits and any supporting affidavits,
by ordinary First Class Mail, upon each named respondent at their
respective address and upon the Attorney General for the State of
New York, at the Department of Law, State Capitol, Albany, New York
12224, on or before **October 30, 2020**, shall be deemed adequate.

        It is petitioner's responsibility to:

        (a)    Serve his/her papers as authorized above or by
personal service.    The grant of poor person relief does not
authorize the assignment or appointment of counsel, nor does it
authorize the Clerk's Office to provide photo-reproduction services
or service of papers on behalf of a pro se litigant, as these
services are not statutorily authorized under a grant of poor

person relief (CPLR §1102).

(b) Submit all papers upon which he is relying, including the signed Order to Show Cause **and** the Petition, together with two copies of a Request for Judicial Intervention (RJI) Form and the **<u>original proof of service</u>**, to the **Albany County Supreme Court, Room 102, Albany County Courthouse, Albany, NY 12207** at least <u>eight</u> (8) days prior to the return date.

Answers/or opposition papers are to be served at least five (5) days before the return date.

IT IS SO ORDERED!

Dated:   September 29, 2020
         at Albany, New York


_____
ACTING JUSTICE OF THE SUPREME COURT

**Hon. Roger D. McDonough, A.J.S.C.**

Supreme Court of the State of New York

County of Albany
_____

In the matter of the Application of

Tori Saunders,

                                    Petitioner,

        - against -

Anthony Annucci,

                                    Respondent.

For a Judgment Pursuant

to Article 78 of the Civil

Practice Law and Rules.
_____

RECEIVED

SEP 0 9 2020

Albany County
Combined Courts

Ind No.

SG97-20

VERIFIED

PETITION

Petitioner, Tori Saunders, respectfully alleges as follows:

(1) At all relevant times stated herein, I was a resident of Stormville, New York, County of Dutchess, incarcerated at the Greenhaven Correctional Facility located at 594 Route 216 thereof.

(2) The Respondent is the Commissioner of the New York State Department of Corrections, with his office located at 1220 Washington Avenue, in Albany, New York 12226.

(3) On June 8, 2020 at approximately 6:30 pm, the Petitioner was participating in recreation at the Green Haven Correctional Facility's G & H yard when he observed a commotion and several correctional officers ran towards him and several other inmates, and told the Petitioner to place his hands on the wall. Petitioner was placed in mechanical restraints, and ultimately placed into the Special Housing Unit.

(4) On or about June 9, 2020, Petitioner was served with a misbehavior report alleging violations of inmate rules prohibiting assault, fighting, and weapons possession. In sum and substance, the report delineates that on June 8, 2020, in G & H yard, Corrections Officer Tragis working on a roof top observed a two man fight in the bathroom. Tragis further observed the inmates exchanging closed fist punches, the Petitioner making stabbing motions, dropping a weapon in which the other inmate picked up and threw in toilet, whereupon Petitioner walked away.

(5) At Petitioner's Hearing commenced on June 24, 2020 by Hearing Officer Corley, the Petitioner requested three witnesses including inmate Murray, and Officer Tragis and Sergeant Polanco.

(b) At Petitioner's hearing he asked inmate murray in pertinent relevant part (a) Did I assault you, (b) Did I assault you with a weapon, (c) Did you observe me with a weapon, and (d) Did we have any altercation? Inmate murray testified in the negative to all questions.

(7) Petitioner asked Corrections officer Tragis if he was the author of the misbehavior report in which he answered yes. Petitioner then asked him to describe his hair style at the time of the alleged incident and the clothing worn by him to which Tragis replied he could not recall. When asked of Tragis if he recollected any video of him being restrained, officer Tragis testified that with the exception of Inmate murray being placed in mechanical restraints, and the camera closed off, no video showed the Petitioner. Based on the fact of there being approximately 200 inmates in the yard, Petitioner asked Tragis if it was possible to misidentify him to which Tragis responded he did not know. When asked by the Petitioner if he gave identifying information to responding officers, Tragis stated that he did not think he needed to as when the response team came, Petitioner was seen walking in the vicinity. Petitioner further objected to officer Tragis being allowed to read from reports on the Hearing Officers desk, in which Corley allowed.

(8) The last testifying witness was Sergeant Polanco. Petitioner asked Polanco in pertinent relevant part (a) Do you recall a fight in G&H yard bathroom on June 8, 2020, (b) As the author of an Unusual Incident report dated June 8, 2020, do you recall inmate murray telling you he was assaulted but was however, defending himself, and (c) Do you recall in the U.I. report stating you observed me exiting the bathroom? To all questions Polanco stated No and/or that he did not recall.

(9) Despite being told by his assistance Sergeant mcCray and hearing officer Corley that no body camera footage was available and/or existed, the Petitioner in attempt to FOIL request video from the rooftop that was used at his hearing, surprisingly, instead received body camera footage of the incident. (DVD-GH-349-20, mailed to Petitioner's mother on August 20, 2020).

(10) Furthermore, despite requests to both his assistance as well as at his hearing, for the full unusual Incident report including injury reports, Petitioner was (a) given by his assistant a report from a march 21, 2020 incident, and (b) denied and/or never given such documentation to aid in his defense. No effort was made by Corley to ascertain their reliability.

I submit that the evidence presented, and the testimony taken at my Disciplinary hearing did not provide an adequate basis for the hearing officer's determination that I committed inmate infractions.

In this Article 78 proceeding, I request that this court conclude that the determination by Respondent was arbitrary and capricious, unsupported by substantial evidence, and contrary to law.

No previous application has been made for the relief requested.

Wherefore, I respectfully request an order transferring these proceedings to the Appellate Division for review of the Substantial evidence issue in accordance with CPLR §7804 (g) and a judgment annuling the determination of the Respondent, and for such other and further relief as this Court deems just and proper.

Tori Saunders

Supreme Court of the State of New York

County of Albany

RECEIVED

SEP 0 9 2020

Albany County
Combined Courts

In the matter of the Application of

Tori Saunders,

                                    Petitioner,

    -against-

                                    Index No _____

Anthony Annucci, Commissioner of

NYS Department of Corrections,

                                    Respondent,

For a Judgment pursuant to Article 78

of the Civil Practice Law and Rules.
                                                      X

## Petitioner's Memorandum of Law.

Respectfully Submitted,

Tori Saunders

Petitioner, Pro Se

## Memorandum of Law

I. Petitioner was denied his fundamental right to Due Process when he was improperly denied access to to complete unusual incident report. U.S.C.A. Const. Amend. V, XIV.

It is standard policy in the correction system that an Unusual Incident report is prepared whenever an inmate on inmate assault occurs. The report is required to contain great detail concerning the incident in question, as set forth in the Directive of the Department.

It is undisputed that an Unusual Incident report was prepared concerning the incident in question. Furthermore Such report is not confidential, and at least a redacted version can be obtained through a Freedom of Information request.

7 NYCRR 254.6 (c) specifically provides that an inmate Shall be allowed to submit relevant documentary evidence at the hearing. That Section is in compliance with the Supreme Court decision in Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963.

The unusual incident report, by its very nature, is a comprehensive account of the entire incident in question, including the events leading up to it, the actual incident itself, and the results thereof, including any force used to subdue the inmates and the injuries sustained by the participants. Almost all of the adverse testimony at Petitioner's hearing dealt specifically with the issues covered by the Unusual Incident report. Although the authors of the report were called to testify at the hearing, it is entirely possible that the statements of the witnesses, as set forth in the Unusual Incident report, would differ from the testimony presented at the hearing. Since the issues presented at the hearing presented one of credibility, the introduction into evidence of the full Unusual Incident report as requested by the Petitioner could have been extremely helpful to the hearing officer in resolving discrepencies pointed out by the Petitioner. In any event, certainly no reason had been shown why the Petitioner could not have been entitled to have the full report as requested introduced into evidence and received by him.

This court should find that Petitioner's due process rights were violated by the failure to produce the full Unusual Incident report.

Petitioner was denied adequate employee assistance in his disciplinary hearing when in light of being charged with assault, fighting, and weapons possesion, he was denied access to injury reports after requesting them from his employee assistant. See Rupnarine V. Prack, 118 A.D. 3d 1062 (holding that "although record reflected that inmate assistance form requested the injury report, it did not reveal that he was either provided with the report or informed that it did not exist"). See also Cowart v. Coughlin, 193 A.D. 2d 887 (holding that "inmate was entitled to be supplied with incident reports related to other inmates, to extent they concerned incident in question and furthermore referred to inmate's activities, absent showing that disclosure would be unduly hazardous to institutional safety or correctional goals"). The New York State Court of Appeals held in Henry V. Fischer, 28 NY3d 1135 that "inmate was improperly denied requests for specific documents" and reversed determination of guilt. Furthermore, "neither inmate misbehavior report nor identification testimony provided substantial evidence needed to support determination" at the Petitioner's hearing. Hutchinson v. Coughlin, 220 A.D.2d 419, 631 N.Y.S. 2d 903 (Petition granted and determination annuiled.

III. Petitioner was improperly denied his right to Confrontation, when the author of his misbehavior report was repeatedly allowed to feign non-recalled elements in his authored report. U.S.C.A. Const. Amend. V.

In Brown v. Irvin, a case going hand in hand with the case at bar, the Appelate Division, Fourth Department Unanimously annulled on the law the hearing determination when it found that Brown's Conviction for violation of fighting rule was not supported by Substantial evidence.

Specifically, the Court held that " the misbehavior report relied upon by the hearing officer does not Support the determination because critical facts incorporated in the report were not known personally by the officer who prepared and signed the report. Brown v. Irvin, 179 A.D.2d 1071, 580 NYS2d 908.

IV. The Hearing Officers Determination of guilt
with respect to rule violations prohibiting
assault, fighting, and weapons possesion were
not supported by substantial evidence.

Substantial evidence did not support the
Hearing Officer's determination of guilt to the charges
of assault, weapons possession, and fighting, and as
a matter of law and logical consistency, the
findings must be annulled. N.Y. Comp. Codes. R. and Regs.
tit. 7, 270.2(B)(14)(i), 270.2(B)(1)(i), See Porter v.
Annucci, 173 AD3d 1855 (2019)(holding that substantial
evidence did not support determination that inmate
violated inmate rule prohibiting possession of a weapon),
Carrelaro v. Coughlin, 153 AD2d 996 (holding guilty
violations of assault and possesion of weapon cannot
stand). See also D'Antuono v. Graham, 160 AD 3d 1430,
Brown v. Irvin, 179 AD2d 1071, respectively.

No liberal reading of the evidence presented
at the Petitioner's hearing would support a determination
of guilt and such findings were arbitrary and
capricous.

## V. Conclusion

Based on the foregoing, the Petitioner Tori Saunders respectfully submits to this Court that he is entitled to the relief sought in that this court should find a direct cause shown and prejudice derived, and that his Determination of guilt should be annulled, and expunged from his institutional record.

Respectfully Submitted,

Dated: August 30, 2020

Tori Saunders
Petitioner, Pro Se

<u>Verification</u>

State of New York )
County of Dutchess ) S.S.

RECEIVED
SEP 0 9 2020
Albany County
Combined Courts

I, Tori Saunders, have read the foregoing
Petition and know the contents thereof, and the same
is true to the best of my knowledge, except as to
matters stated upon information and belief, and as to
those matters I believe them to be true.

Sworn to before me
this 24 day of August, 2020.

Tori Saunders
Petitioner, Pro Se

Notary Public



# DECLARATION OF SERVICE

**ISAURA TORRES**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

That on January 26, 2024, in this action, I served a copy of Defendants' Letter Motion for a Pre-Motion Conference dated January 26, 2024 on Tori Saunders, plaintiff *pro se*, at the following address designated in the docket of this case:

Tori Saunders, *pro se*
DIN 17A1258
Collins Correctional Facility
P.O. Box 340
Collins, NY 14034-0340

The DOCCS Incarcerated Individuals website lists Plaintiff as discharged from Collins Correctional Facility. Upon information and belief after consulting with DOCCS, Plaintiff is temporarily housed at the Central NY Psychiatric Center. Out of an abundance of caution, the undersigned has also mailed a copy of this letter to the following address:

Tori Saunders, *pro se*
DIN 17A1258
Central NY Psychiatric Center
9005 Old River Road
P.O. Box 300
Marcy, NY 13403

by depositing a true and correct copy thereof, properly enclosed in a pre-paid wrapper, in a post-office box regularly maintained by the government of the United States.

Isaura Torres
Legal Assistant II

Executed on January 26, 2024